## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SUSSEX FARMS, LTD | ) | |
| Ikolabo G.R.A. | ) | |
| G.P.O. Box 15603 | ) | CIVIL CASE NO.: |
| Dugbe, Ibadan, Nigeria | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CHARLES O. MBANEFO | ) | |
| 11201 Shaker Blvd., #130 | ) | |
| Cleveland, OH 44104 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Sussex Farms, Ltd. ("Plaintiff" or "Sussex Farms") brings this civil action against

Charles O. Mbanefo ("Defendant" or "Mbanefo") for damages and equitable relief and alleges as

follows:

## I.    JURISDICTION

1.      Diversity jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332 in that the

matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and

is between a citizen of a State and a citizen or subject of a foreign state. This Court is also vested

with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related

state-based claims.

1

## II.  VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the Defendant is domiciled in this district.

## III.  PARTIES

3.      Plaintiff Sussex Farms is a Nigerian corporation with its principal place of business in the country of Nigeria and, at all times relevant herein, was engaged in the agricultural business. Plaintiff brings this lawsuit under the direction and authorization of its duly appointed Receiver, Mr. Bababunmi Odunowo.

4.      Defendant Mbanefo is an individual residing in Cleveland, Ohio (Cuyahoga County). Defendant Mbanefo was, at all times relevant herein, acting as a Director of Plaintiff Sussex Farms. As a result of Defendant Mbanefo's role as a Director, he faced certain liabilities to Plaintiff Sussex Farms.

## IV.  FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

6.      During Defendant's role and tenure as a Director of Plaintiff, Plaintiff began to have serious financial difficulties and eventually was placed into Receivership in Nigeria.

7.      As a Director, Defendant faced certain liabilities to Plaintiff.

8.      Defendant held meetings with Plaintiff's Chairman regarding his financial culpabilities and liabilities, and the parties came to a negotiated settlement.

9.      In November 2018, the parties memorialized their agreement by and through that certain "Mutual Release Agreement," a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference. The Mutual Release Agreement is fully executed and notarized, and is a binding written contract upon all parties.

10.     Pursuant to the Mutual Release Agreement, Defendant agreed to pay, and Plaintiff agreed to accept, the sum of $325,000.00 as consideration to fully settle the disputes and differences between the parties, and to provide a release to Defendant.

11.     Pursuant to the Mutual Release Agreement, Plaintiff has made demand for the agreed sum of $325,000.00.

12.     Defendant has failed and refused to pay the agreed sum of $325,000.00.

13.     The failure and refusal of Defendant to pay Plaintiff the agreed sum of $325,000.00 has caused damages to Plaintiff.

14.     The Mutual Release Agreement provided that it shall be construed under and in accordance with the laws of the State of Delaware.

15.     In October 2021, Plaintiff filed suit in the Superior Court of the State of Delaware to enforce its rights under the Mutual Release Agreement.

16.     In June 2022, the Superior Court of the State of Delaware granted Defendant's Motion to Dismiss for lack of personal jurisdiction.

17.     Plaintiff now seeks redress in this U.S. District Court, the district in which Defendant resides.

## V.   CAUSES OF ACTION

### COUNT I

### (Breach of Contract)

18.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19.     Under Delaware law, a breach of contract claim comprises three (3) elements: 1) the existence of a contract; 2) a breach of an obligation imposed by that contract; and 3) resulting damages.

20.     In November 2018, Plaintiff and Defendant negotiated, agreed to and fully executed a Mutual Release Agreement. *See*, Exhibit 1 hereto.

21.     The Mutual Release Agreement constitutes a binding written contract between the parties.

22.     Plaintiff faithfully performed all aspects of the contract.

23.     Defendant breached the contract by failing and refusing to pay Plaintiff the agreed principal sum of $325,000.00 despite multiple oral and written demands.

24.     As a direct result of Defendant's non-payment, Plaintiff has suffered damages, including interest and attorney's fees.

### COUNT II

### (Unjust Enrichment)

25.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26.     Under Delaware law, to establish a claim for unjust enrichment, a plaintiff must prove an enrichment, an impoverishment, a relation between the enrichment and the impoverishment, the absence of justification and the absence of a remedy provided by law.

27.     At all times relevant herein, Defendant owed Plaintiff a legal duty to perform under the Mutual Release Agreement by paying the agreed sum of $325,000.00.

28.     To date, Defendant has unjustly enriched himself by retaining and failing to turn over the agreed settlement funds.

29.     While Defendant has become directly enriched by wrongfully retaining the settlement funds, Plaintiff has become directly impoverished as a result of being deprived of the same settlement funds.

30.     Defendant has no justification for failing and refusing to pay the settlement funds to Plaintiff.

31.     Plaintiff has no other remedy at law.

32.     Such acts and omissions on the part of Defendant constitute unjust enrichment.

33.     As a direct result of Defendant's unjust enrichment, Plaintiff has suffered damages, including interest and attorney's fees.

**COUNT III**

**(Accrued Interest)**

34.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

35.     Pursuant to the Mutual Release Agreement, Defendant was required to make full payment of $325,000.00 to Plaintiff in November 2018.

36.     As a result of the failure of Defendant to make full payment to Plaintiff, Plaintiff has lost the use of said money.

37.     Pursuant to Delaware Code, Title 6, Subtitle II, Chapter 23, Section 2301, the legal rate of interest on contracts is 5% over the current Federal Reserve discount rate.

38.     The current Federal Reserve discount rate is 2.50% per year. Therefore, the applicable interest rate to apply to accrue interest on the breached contract is 7.50% per year.

39.     Accordingly, Plaintiff seeks accrued interest on the $325,000.00 unpaid principal at the rate of 7.50% from November 2018 through September 2022 in the approximate amount of $93,437.50 and continuing to accrue at 7.50% per year until paid in full.

40.     As a direct result of Defendant's non-payment of the agreed settlement amount, Plaintiff has suffered damages, including loss of use, and seeks an award of accrued interest to make it whole.

## COUNT IV

### (Attorney's Fees)

41.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

42.     The Mutual Release Agreement states in pertinent part, "If any action at law or in equity is brought to enforce or interpret the provisions of this Release, the prevailing party will be entitled to reasonable attorneys' fees in addition to any other relief to which that party may be entitled." *See*, Exhibit 1 hereto.

43.     As a direct result of Defendant's non-payment of the agreed settlement amount, Plaintiff has been required to pay attorney's fees in order to bring the Delaware lawsuit and for this action to enforce the parties' agreement and to compel payment.

44. Plaintiff will not receive the benefit of its bargained and negotiated Mutual Release Agreement if it must expend money on attorney's fees and litigation costs all because of Defendant's breach of contract or unjust enrichment.

45. As a direct result of Defendant's non-payment of the settlement amount, Plaintiff has suffered damages and seeks an award of attorney's fees for both the Delaware lawsuit and for the instant lawsuit to make it whole, pursuant to the express terms of the Mutual Release Agreement.

**WHEREFORE**, Plaintiff Sussex Farms, Ltd. respectfully prays that this Court issue an Order:

    a.  granting judgment in favor of Plaintiff Sussex Farms, Ltd. and against Defendant Charles O. Mbanefo on all Counts in this Complaint in the principal amount of $325,000.00 together with pre- and post-judgment interest; and

    b.  granting Plaintiff reasonable costs and expenses, including accrued interest and attorney's fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: September 22, 2022.                     Respectfully submitted,


                                               *s/ Mark A. Amendola*
                                               MARK A. AMENDOLA
                                                 OH Bar ID No: 0042645
                                                 Admitted to N.D. Ohio
                                               MARTYN AND ASSOCIATES CO.
                                               820 W. Superior Avenue, Tenth Floor
                                               Cleveland, Ohio 44113
                                               Telephone: (216) 861-4700
                                               Facsimile: (216) 861-4703
                                               Email: mamendola@martynlawfirm.com

                                               Attorney for Plaintiff Sussex Farms, Ltd.