## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SUSSEX FARMS, LTD., | ) | Case No. 1:22-cv-01701 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| CHARLES O. MBANEFO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On October 10, 2023, the Court entered a default judgment for Plaintiff under Rule 16(f).  (ECF No. 35, PageID #200.)  Defendant Dr. Charles Mbanefo failed to appear at a hearing for which he had actual notice.  (*Id.*)  The Court determined that a default judgment was "the appropriate sanction."  (*Id.*)  On October 24, 2023, Defendant moved for relief from or to set aside the default judgment.  (ECF No. 37.) The Court heard oral argument on December 11, 2023 and gave due consideration to the briefing and arguments of the parties and now **VACATES** the default judgment sanction.

## BACKGROUND

The Court's default judgment stated many of the salient facts.  (*See* ECF No. 35.)  Relevant here, counsel for Defendant withdrew from the case near the end of the discovery period.  (ECF No. 33.)  The Court ordered Defendant or new counsel to appear at the next status conference.  (*Id.*)  The Order stated, "[f]ailure to appear may result in appropriate sanctions, up to and including entry of default judgment."

(*Id.*, PageID #195.)  Aside from docketing that Order, the Court took additional measures to notify Dr. Mbanefo of the status conference, including twice contacting him at his email address that is part of the record.  (ECF No. 17-2, PageID #103.) One of the emails was marked high priority and attached the Order scheduling the status conference.  The Court took these additional measures because no substitute counsel appeared for Dr. Mbanefo.

Defendant failed to appear on his own or through counsel.  The Court found that Defendant's conduct "warrant[ed] a sanction under Rule 16(f)(1)(A)" and entered a default judgment because the record showed that Dr. Mbanefo was no longer defending the action.  (ECF No. 35, PageID #200 (citing Fed. R. Civ. P. 37(b)(2)(A)(vi)).)  Within hours of that judgment, Dr. Mbanefo's former counsel contacted Chambers to notify the Court that Defendant was caring for his wife in the hospital.  Ten days later, new counsel entered an appearance for Defendant.  (ECF No. 36.)  Fourteen days after the default judgment, at 11:58 p.m. the night before Plaintiff was due to file an assessment of its damages, Defendant moved for relief from the default judgment.  (ECF No. 37.)  In an affidavit in support of the motion, Dr. Mbanefo attested that he had a "lapse in awareness of the status conference" because his wife required unanticipated inpatient post-operational treatment on the day of the conference.  (ECF No. 37-1, ¶¶ 12 & 18, PageID #212–13.)  Defendant attested that his non-appearance was "not to delay" or "obstruct" but the result of "excusable neglect."  (*Id.*, ¶ 21, PageID #213.)

Plaintiff opposes the motion.  (ECF No. 39.)  In addition, Plaintiff filed an assessment of damages following the default judgment.  (ECF No. 38.)

## ANALYSIS

As an initial matter, Defendant asks the Court for relief from the default judgment under Rule 55(c), which allows the Court to "set aside a final default judgment under Rule 60(b)."  (ECF No. 37, PageID #204 (citing Fed. R. Civ. P. 55(c)).)  Rule 60 allows the Court, "[o]n just terms," to "relieve a party" from a default judgment for any "reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Here, the Court entered default judgment under Rule 16(f) as a sanction, not under Rule 55(b)(2).  (ECF No. 35.)  Therefore, Rule 55 has little to do with the issues before the Court.  But a Rule 60(b) motion for relief is proper because the default judgment sanction constituted a "final judgment."  Fed. R. Civ. P. 60(b); *see Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 768 (6th Cir. 2019) (recognizing that Rule 60(b) motion is one way to get out from under a default judgment sanction under Rule 16(f)).  But a motion to provide relief from a sanction invites a different analysis than setting aside a default judgment entered under Rule 55.

Failure to appear at a pretrial conference may result in one of the sanctions "authorized by Rule 37(b)(2)(A)(ii)-(vii)."  Fed. R. Civ. P. 16(f)(1).  One available sanction is "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).  Default judgment is a harsh sanction that "should be resorted to only in the most extreme cases."  *Prime Rate*, 930 F.3d at 769 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).  But the

decision to impose a sanction under Rule 16, and which one, rests within the sound discretion of the district court.  *Id.* at 768.

"[S]ound legal principles," such as the notion that "like cases should be decided alike," cabin the Court's discretion.  *Id.* (citations omitted).  In this context, four questions inform whether default judgment is an appropriate sanction:

> (1) Did the party act in bad faith? (2) Was the opposing party prejudiced? (3) Did the court give adequate warning? and (4) Could less drastic sanctions have ensured compliance?

*Id.* at 769 (citing *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008)); *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).  Often "a pattern of disobedience" that "has prejudiced the opposing party" establishes "that no lesser sanction is warranted."  6A Wright & Miller § 1531, at 445 (3d ed. 2008).  Applied here, those questions cut both ways.

## I.    Factors Cutting Against Dr. Mbanefo

Working against Defendant, he had adequate warning that his "[f]ailure to appear [at the conference] may result in appropriate sanctions, up to and including entry of default judgment."  (ECF No. 33, PageID #195.)  Defendant knew this.  (ECF No. 37-1, ¶ 10, PageID #212.)  Indeed, he admits as much in his argument on the motion.

Moreover, Defendant's conduct conveys an appearance of bad faith.  Dr. Mbanefo presents only a self-serving affidavit with no additional verification, such as a doctor's note.  (*Id.*)  Under the circumstances, Dr. Mbanefo has not earned the benefit of the doubt.  Although caring for his ailing spouse might have constituted good cause for Dr. Mbanefo to request a continuance, it does not explain his other

actions.  It does not explain why Defendant consented to his counsel's withdrawal from the case with a discovery cut-off looming.  (ECF No. 32, PageID #193.)  It does not explain why Defendant failed to retain new counsel in the twelve days between withdrawal of counsel and the next status conference.  (*See* ECF No. 33.)  And it does not explain why Defendant failed to contact the Court *before* the hearing.

Even after the default judgment, Defendant did not retain new counsel for ten additional days and did not file the motion for relief from the judgment for fourteen days—at 11:58 p.m. on the night before Plaintiff was due to make a filing in support of its damages.  (ECF No. 36; ECF No. 37.)  Taken together, these facts "evince[] an intent to frustrate the action against him and to forestall the conclusion of this litigation."  (ECF No. 25, PageID #200.)  Even if Defendant's "conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory . . . ."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (addressing the same question under Rule 41(b)).

## II.    Factors Favoring Dr. Mbanefo

Other considerations favor Defendant.  This is Defendant's first occasion of non-compliance; there is no pattern.  *See* Wright & Miller, § 1531, at 445.  This is not a case where a party "repeatedly ignored court orders without excuse."  *See Prime Rate*, 930 F.3d at 769 (approving default judgment as a sanction).  In addition, Plaintiff fails to articulate any material prejudice from Defendant's failure to appear.  To be sure, Plaintiff asserts that granting the motion to set aside the default judgment would prejudice Plaintiff by forcing additional litigation.  (ECF No. 39, PageID #264.)  But that is not legal prejudice.  Nor are the complaints it advances in

5

argument. And the operative question is whether Defendant caused prejudice through his sanctionable conduct (skipping the status conference), and the Court finds no reason to believe that he did.

Finally, and most significantly, a lesser sanction will ensure compliance and ensure that Dr. Mbanefo follows all other Court orders. Should Defendant attempt any improper tactics or engage in non-compliance, the Court has default judgment as a remedy—plus any other sanction that is appropriate, *see* Fed. R. Civ. P. 11(c)(1) ("party"); Fed. R. Civ. P. 37(b)(2)(C) ("disobedient party"). But courts have "a strong preference for trials on the merits" instead of "'the harsh sanction of default'" judgment. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (quoting *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 846 (6th Cir. 1983)).

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's motion and **VACATES** the default judgment. As a lesser sanction, the Court **ORDERS** Dr. Mbanefo to pay the attorneys' fees associated with the briefing and oral argument on his motion. Plaintiff shall file that information, properly substantiated, within 7 days (by December 18, 2023). Defendant must present any objection requiring the Court's resolution no later than December 29, 2023. Any such objection must contain a certification that counsel have attempted in good faith to resolve the objection and have reached impasse on the issue. If Dr. Mbanefo does not pay this sanction by date of trial, the Court will enter a default judgment.

The parties have waived a jury trial, *see* U.S. Const. amend VII, so the Court will set a prompt date for a bench trial and resolve what remains of the case on the merits.

**SO ORDERED.**

Dated:  December 11, 2023

_____
       J. Philip Calabrese
       United States District Judge
       Northern District of Ohio